# EXHIBIT A

3/27/2020 2:54 PM
**Velva L. Price
District Clerk
Travis County
D-1-GN-20-001610
Nancy Rodriguez**

## No. D-1-GN-20-001610

| | | |
|---|---|---|
| TEXAS DEMOCRATIC PARTY AND | § | IN THE DISTRICT COURT |
| GILBERTO HINOJOSA, IN HIS | § | |
| CAPACITY AS CHAIRMAN OF THE | § | |
| TEXAS DEMOCRATIC PARTY, | § | |
| JOSEPH DANIEL CASCINO AND | § | |
| SHANDA MARIE SANSING, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| DANA DEBEAUVOIR, | § | |
| IN HER CAPACITY AS TRAVIS | § | |
| COUNTY CLERK, | § | |
| *Defendant.* | § | |
| | § | |
| STATE OF TEXAS, | § | |
| *Intervenor.* | § | 201st JUDICIAL DISTRICT |

---

### STATE OF TEXAS'S PLEA IN INTERVENTION

---

The State of Texas, by and through the Attorney General of Texas, respectfully intervenes in this case under Rule 60 of the Texas Rules of Civil Procedure to protect its interest in the uniform, consistent application of its laws in the State's upcoming elections. The State has a strong and unique interest in ensuring that its elections are conducted in a fair and consistent manner. Plaintiffs here seek an advisory opinion that they hope would result in different and potentially unfair applications of the Texas Election Code across multiple elections for various State-level positions. Texas intervenes in this case to avoid that outcome.

1

## BACKGROUND

The State of Texas allows early voting by mail, provided the person seeking to vote by mail meets the qualifications stated in the Election Code. *See* Tex. Elec. Code Ch. 82. Qualifications to vote early by mail are:

- Declaring an anticipated absence from the county of residence on election day;

- Declaring a disability;

- Demonstrating that the person seeking to vote by mail is over the age of 65; or,

- The person seeking to vote by mail anticipates being jailed during the voting period.

Tex. Elec. Code §§ 82.001-.004.

With respect to "disability," the Texas Election Code provides that a "qualified voter is eligible for early voting by mail if the voter has a sickness or physical condition that prevents the voter from appearing at the polling place on election day without a likelihood of needing personal assistance or of injuring the voter's health." *Id.* § 82.002(a).

The early voting clerk in each county is responsible for conducting early voting and thus is the official who would review an application from a voter to vote by mail. *See id.* § 86.001(a) ("The early voting clerk shall review each application for a ballot to be voted by mail."). For most state- and county-wide elections, the county clerk or

elections administrator serves as the early voting clerk,[1] whereas "[t]he city secretary is the early voting clerk for an election ordered by an authority of a city." *Id.* § 83.005. Each locality's early voting clerk is responsible for determining whether an application to vote by mail complies with all statutory requirements, providing notice and instructions to cure to a voter who submits a noncompliant application, and "provid[ing] an official ballot envelope and carrier envelope with each ballot provided to a voter" who properly completes an application. *Id.* §§ 86.001(a), .008, .009, .002(a). After a voter marks their mail-in ballot, they must return it to the early voting clerk in the official carrier envelope. *Id.* § 86.006(a). These requirements, though handled by local election officials, apply uniformly throughout Texas.

On March 20, 2020, Plaintiffs filed their Original Petition and Application for Temporary Injunction, Permanent Injunction, and Declaratory Judgment ("Pet."), asserting jurisdiction under the UDJA (Texas Civil Practice and Remedies Code § 37.003) and Texas Election Code § 271.081. Plaintiffs request a declaration that Texas Election Code § 82.002 "allows any eligible voter, regardless of age and physical condition, to request, receive and have counted, a mail-in ballot, if they believe they should practice social distancing in order to hinder the known or unknown spread of a virus or disease." Pet. ¶ 22(a). Plaintiffs further seek to permanently enjoin the Travis County Clerk, in her official capacity,[2] "to accept and tabulate any mail-in

---

[1] TEX. ELEC. CODE § 83.002; *but see id.* §§ 83.003 (clerk in less-than-countywide elections held at county expense); 83.004 (clerk in elections ordered by county not held at county expense); 31.043 (county elections administrator performs, among other things, duties of county clerk. *See also Election Duties*, TEXAS SECRETARY OF STATE, *available at* https://www.sos.state.tx.us/elections/voter/county.shtml (listing early voting clerks).

[2] Plaintiffs initially named Ruth R. Hughs, in her official capacity as Texas Secretary of State, as a defendant in this lawsuit, but nonsuited their claims against her two days after filing suit.

3

ballots received from voters in an upcoming election who believe that they should practice social distancing in order to hinder the known or unknown spread of a virus or disease." Pet. ¶ 22(b).

The State now files this timely plea in intervention. *See* TEX. R. CIV. P. 60; TEX. CIV. PRAC. & REM. CODE § 37.006(b).

## STANDARD FOR INTERVENTION

"Any party may intervene [in a case] by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. An intervenor is not required to secure a court's permission to intervene in a cause of action. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). Rather, an intervenor need only show a "justiciable interest in a pending suit to intervene in the suit as a matter of right." *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008). "A party has a justiciable interest in a lawsuit, and thus a right to intervene, when his interests will be affected by the litigation." *Jabri v. Alsayyed*, 145 S.W.3d 660, 672 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Law Offices of Windle Turley v. Ghiasinejad*, 109 S.W.3d 68, 71 (Tex. App.— Fort Worth 2003, no pet.)). "The interest asserted by the intervenor may be legal or equitable." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657 (citation omitted).

With respect to the timing of an intervention, there is no pre-judgment deadline for intervention. *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) (citing TEX. R. CIV. P. 60; *Citizens State Bank of Sealy v. Caney Invs.*, 746 S.W.2d 477, 478 (Tex. 1988)). Texas courts recognize an "expansive" intervention

4

doctrine in which a plea in intervention may be untimely only if it is "filed after judgment," *Texas v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) (quoting *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984)), though even post-judgment interventions are permissible under certain circumstances. *Ledbetter*, 251 S.W.3d at 36 (citing *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 725–26 (Tex. 2006)).

There is no final judgment in this case, and this intervention was brought within a week of the lawsuit being filed. Texas's intervention is timely.

## THE STATE'S INTERESTS

Plaintiffs seek a preemptive advisory opinion interpreting the Election Code's definition of "disability" for purposes of early voting. Texas has a justiciable interest in this lawsuit because that advisory opinion would at minimum cause tremendous confusion and could lead to unequal and inequitable application of the Election Code across the State. Moreover, providing that advisory opinion may require the Court to opine on the constitutionality of Texas's rules for mail-in ballots—a question on which the Attorney General has a statutory right to opine.

Texas has a strong interest in the efficient administration of its elections and in consistent application of its election laws across its 254 counties. *Cf. Maryland v. King*, 567 U.S. 1301, 1303 (2012) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345 (1977) (citations omitted)); *True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 742 (S.D. Miss. 2014) ("The State . . . has a significant interest in enforcing its enacted

laws."). And the UDJA provides that, "[w]hen declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties." Tex. Civ. Prac. & Rem. Code § 37.006(b). Plaintiffs seek declaratory relief that would alter the Election Code's standard for voting a ballot by mail—and would do so in Travis County only. Because this undermines Texas's interest in uniform election administration, the State must be made a party to this case under § 37.006(b). *Id.*

This interest is particularly acute because Plaintiffs' requested relief is not limited to county officials, but instead extends to state-level legislative officials—for example, members of the Senate. Counties have been delegated certain authority to administer local- and state-level elections. *E.g.*, Tex. Elec. Code § 83.002, Nevertheless, the State retains a strong interest in maintaining control over the qualifications and method of selection for members of its Legislature lest "'render[] too dependent on the [local] governments that branch . . . which ought to be dependent on the people alone.'" *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 808 (1995) (quoting The Federalist No. 52, p. 326 (C. Rossiter ed. 1961) (Madison)). To put it more concretely, Texas State Senate District 21 represents not Travis County but the people of Travis and multiple other counties. The State has a strong interest in the consistent application of its election laws across counties so that all of those Texans have the opportunity to elect their representative in the State Senate on equal terms. *Cf. id.*

Moreover, the Attorney General has a statutory interest sufficient to intervene because, though Plaintiff purports to seek an advisory opinion regarding the meaning of State law, their allegations implicate the constitutionality of that law. The Attorney General has intervened in numerous instances to defend the constitutionality of State laws. *See, e.g., Wilson v. Andrews*, 10 S.W.3d 663, 666 (Tex. 1999) ("The Attorney General intervened to defend [Texas Local Government Code § 143.057(d)]'s constitutionality."); *Corpus Christi People's Baptist Church, Inc. v. Nueces County Appraisal Dist.*, 904 S.W.2d 621, 624 (Tex. 1995) ("The Attorney General intervened for the limited purpose of defending the constitutionality of section 11.433 [of the Texas Tax Code]."). And Texas Civil Practice and Remedies Code § 37.006(b) requires that the Attorney General be notified about, and is "entitled to be heard" in, "any proceeding" in which a "statute, ordinance, or franchise is alleged to be unconstitutional." TEX. CIV. PRAC. & REM. CODE § 37.006(b). The Texas Supreme Court and courts of appeal have recognized that the Attorney General can intervene to defend State statutes against constitutional attack. *See, e.g., Motor Vehicle Bd. of the Tex. Dep't of Transp. v. El Paso Indep. Auto Dealers Ass'n, Inc.*, 1 S.W.3d 108, 110 (Tex. 1999); *Mercer v. Phillips Natural Gas Co.*, 746 S.W.2d 933, 940 (Tex. App.— Austin 1988, writ denied) (under § 37.006(b), "[t]he Attorney General is specifically authorized to be made a party to any litigation involving the constitutionality of a statute.").

Though Plaintiffs appear to disclaim, at least for the moment, a constitutional challenge, the Election Code is "*alleged* to be unconstitutional." TEX. CIV. PRAC. &

REM. CODE § 37.006(b) (emphasis added). As a result, if the Court were to resolve their Petition on the merits, it may have to address the validity or constitutionality of § 82.002(a) as written and enforced in Travis County. *See, e.g.,* Pet. ¶ 14 (Arguing that "the Right of Association granted by the First Amendment to the U.S. Constitution provides that political parties are free to select their party nominees without undue government influence" and that "[a]n immediate decision interpreting state law is required so that election preparations can continue in compliance therewith."). Accordingly, the Attorney General is permitted to intervene and be heard in this case pursuant to Civil Practice and Remedies Code § 7.006(b). *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 547 (Tex. 2016).

## CONCLUSION

For these reasons, the State of Texas intervenes in this action for the limited purpose of opposing Plaintiffs' request for declaratory and injunctive relief.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

*/s/Anne Marie Mackin*
ANNE MARIE MACKIN
Texas Bar No. 24078898
MICHAEL R. ABRAMS
Texas Bar No. 24087072
Assistant Attorneys General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2798 | FAX: (512) 320-0667
anna.mackin@oag.texas.gov
michael.abrams@oag.texas.gov

**ATTORNEYS FOR INTERVENOR
STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I certify that on March 27, 2020, the foregoing instrument was served electronically through the electronic-filing manager in compliance with TRCP 21a to:

Chad W. Dunn
State Bar No. 24036507
Brazil & Dunn, LLP
4407 Bee Caves Road, Suite 111
Austin, Texas 78746
(512) 717-9822 Tel.
(512) 515-9355 Fax
chad@brazillanddunn.com

K. Scott Brazil
State Bar. No. 02934050
Brazil & Dunn, LLP
13231 Champion Forest Drive, Suite 406
Houston, Texas 77069
(281) 580-6310 Tel.
(281) 580-6362 Fax
scott@brazilanddunn.com

Dicky Grigg
State Bar No. 08487500
Law Office of Dicky Gregg, P.C.
4407 Bee Caves Road, Suite 111
Austin, Texas 78746
(512) 474-6061 Tel.
(512) 582-8560
dicky@grigg-law.com

Martin Golando
The Law Office of Martin Golando, PLLC
State Bar No. 24059153
N. Saint Mary's, Suite 700
San Antonio, Texas 78205
(210) 892-8543
martin.golando@gmail.com

ATTORNEYS FOR PLAINTIFFS

10

I further certify that on March 27, 2020, the foregoing instrument was served

via email upon:

Sherine Thomas
Sherine.Thomas@traviscountytx.gov

Leslie Dippel
Leslie.Dippel@traviscountytx.gov

ATTORNEYS FOR DANA DEBAEUVOIR
IN HER CAPACITY AS TRAVIS COUNTY CLERK

*/s/Anne Marie Mackin*
ANNE MARIE MACKIN
Assistant Attorney General

11