# Exhibit 4
# Court Order on T.I.

4/17/2020 3:39 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-001610
Daniel Smith

No. D-1-GN-20-001610

| | | |
|---|---|---|
| TEXAS DEMOCRATIC PARTY, et. al | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § § | |
| and | § § | |
| ZACHARY PRICE, LEAGUE OF WOMEN VOTERS OF TEXAS, LEAGUE OF WOMEN VOTERS AUSTIN AREA, MOVE TEXAS ACTION FUND, WORKERS DEFENSE ACTION FUND, | § § § § § § § | TRAVIS COUNTY, TEXAS |
| *Intervenor-Plaintiffs,* | § § § | |
| v. | § § | |
| DANA DEBEAUVOIR | § § | |
| *Defendant,* | § § § | |
| and | § § | |
| STATE OF TEXAS | § § § | |
| *Intervenor.* | § | 201st JUDICIAL DISTRICT |

**Order on Application for Temporary Injunctions and Plea to the Jurisdiction**

On April 15, 2020, came on to be heard the Plaintiffs' and Intervenor-Plaintiffs' Applications for Temporary Injunction as well as the State of Texas' Plea to the Jurisdiction. The Court, having considered the applications and pleas along with the supporting and opposing briefing and the applicable law cited therein, evidence presented, arguments of counsel, and the pleadings on file in this case, is of the opinion:

1

1) The State of Texas' Plea to the Jurisdiction should be DENIED; and,

2) Plaintiffs' and Intervenor-Plaintiffs' applications for a Temporary Injunction should be GRANTED.

In addition, the Court FINDS:

1) Joseph Daniel Cascino and Shanda Marie Sansing are registered voters in Travis County who seek to vote by mail by claiming a disability due to the COVID-19 epidemic;

2) The Texas Democratic Party (TDP) is one of the two largest political parties in the United States, with members in Travis County, who are registered voters and are eligible to apply to vote by mail due to COVID-19. The TDP and its chair, Gilberto Hinojosa, are the administrators of the July 14, 2020 run-off election. The interests that the TDP and its Chair seek to protect through this suit are germane to the organization's purpose. TDP and its members are harmed by the lack of clarity in the election law at issue in this case and the probable lack of uniformity in its application throughout the State;

3) Intervenor-Plaintiff Zachary Price is a registered voter in Travis County who seeks to vote by mail by claiming a disability due to the COVID-19 pandemic;

4) Intervenor-Plaintiffs League of Women Voters of Texas, League of Women Voters Austin Area, and Workers Defense Action Fund are membership organizations with members who are registered voters throughout the State of Texas, including in Travis County, and who are eligible to vote by mail due to COVID-19 but would not otherwise be eligible to vote by mail outside of the COVID-19 pandemic. The interests that these organizations seek to protect through this suit are germane to their purpose. The organizations and their members are harmed by the lack of clarity in the election law at issue in this case and the probable lack of uniformity in its application throughout the State. Additionally, Intervenor-Plaintiffs League of Women Voters of Texas, League of Women Voters Austin Area, Workers Defense Action Fund, and Move Texas Action Fund have suffered and are suffering direct injury to their organizations from this lack of clarity and the probable lack of uniformity in its application throughout the State.

5) Intervenor State of Texas has stated its "strong interest in the uniform, consistent application of its election laws" while also stating that "each early-voting clerk [throughout the State] is responsible for determining whether an application to vote by mail complies with all requirements." And, the evidence reveals that the Secretary of State has advised those election officials that they "may have a need to modify certain voting procedures ... [and] may want to consider seeking a court order to authorize exceptions to the voting procedures outlined in certain chapters of the Texas Election Code."

2

6) The individual Plaintiffs and Intervenor-Plaintiffs are injured by the uncertainty in the law as to whether they are lawfully permitted to request a ballot by mail for elections in which they reasonably believe they may be at risk to contract COVID-19; absent clarity, they face either risk to their health or the threat of prosecution and having their ballots not counted and/or rejected;

7) COVID-19 is a global respiratory virus that poses an imminent threat of disaster, to which anyone is susceptible and which has a high risk of death to a large number of people and creates substantial risk of public exposure because of the disease's method of transmission;

8) The risk of transmission of COVID-19 during in-person voting is high for the July 14, 2020 Run-Off election and all subsequent elections for this year. The harm caused by transmission of COVID-19 during in-person voting on the one hand and not being able to cast a ballot that is counted on the other is imminent, irreparable, and seriously damaging;

9) The Run-Off Elections are scheduled to be held on July 14, 2020. Ordinarily, without adjusting other laws, Election Clerks and Election Administrators require at least 74 days to prepare for an election. 74 days from July 14, 2020 is May 1, 2020;

10) Plaintiffs will suffer immediate, irreparable injury without an injunction prohibiting Defendant from denying mail ballot applications based on the disability caused by COVID-19 and from rejection of mail-in ballots cast under those circumstances because they will be forced to either vote in-person and risk transmission of a deadly illness or lose their ability to vote entirely;

11) Tex. Elec. Code § 273.081 specifically provides, "A person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring." Although the standard set by statute is lower than the typical standard for granting a temporary injunction, Plaintiffs' and Plaintiff Intervenors' evidence meets both standards and an injunction should issue;

12) The oral testimony, exhibits and witness declarations have been accepted into evidence. I have carefully viewed the testimony and reviewed the documentary evidence in making the factual findings herein;

13) Based on the testimony and evidence I have received, it is reasonable for voters to expect that COVID-19 will continue to be in circulation without a vaccine or herd immunity through the elections this year and that limited or statewide government imposed social distancing will likewise continue through the elections this year, especially with regard to large public gatherings as occur at polling places. Furthermore, even to the extent there is easing of social distancing, it will still be a public health risk to attend larger gatherings such as those associated with voting at polling places because without a vaccine or herd immunity, communities will remain susceptible to surges in infection rates. Moreover, the evidence shows that voters and these Plaintiffs and Intervenor-Plaintiffs are

reasonable to conclude that voting in person while the virus that causes COVID-19 is still in general circulation presents a likelihood of injuring their health, and any voters without established immunity meet the plain language definition of disability thereby entitling them to a mailed ballot under Tex. Elec. Code § 82.002.

14) Voters and these Plaintiffs are reasonable to worry about the legality of their applications for ballots by mail given the uncertainty created, at least in part, from the lack of clear guidance from other state leadership. Voters should not have to guess at whether they are complying with the law in requesting a mail ballot and put themselves at risk of criminal liability.

15) Time is of the essence and election administrators as well as the TDP must have clarity without delay so that election preparations can be made.

16) Plaintiffs and Intervenor-Plaintiffs are likely to prevail on the merits of at trial; and

17) Plaintiffs and Intervenor-Plaintiffs have no other adequate remedy at law.

It is therefore, ORDERED that the State of Texas's Plea to the Jurisdiction is denied. The State petitioned to intervene in this case. The Court has jurisdiction. The issues are ripe, the Plaintiffs and Intervenor-Plaintiffs are currently suffering and will continue to suffer injury in the absence of a Court ruling.

It is further, ORDERED that, between now and entry of final judgment in this case:

(1) Travis County Defendant and her agents, servants, employees, representatives, and all person or entities of any type whatsoever acting in concert with them or acting on their behalf are enjoined from rejecting any mail ballot applications received from registered voters who use the disability category of eligibility as a result of the COVID-19 pandemic for the reason that the applications were submitted based on the disability category;

(2) Travis County Defendant and her agents, servants, employees, representatives, and all person or entities of any type whatsoever acting in concert with them or acting on their behalf are enjoined from refusing to accept and tabulate any mail ballots received from voters who apply to vote by mail based on the disability category of eligibility as a result of the COVID-19 pandemic

4

for all elections affected by the pandemic for the reason that the ballots were submitted based on the disability category;

(3) Travis County Defendant and Intervenor-Defendant Texas and their agents, servants, employees, representatives, and all person or entities of any type whatsoever acting concert with them or acting on their behalf are enjoined from issuing guidance or otherwise taking actions that would prevent Counties from accepting and tabulating any mail ballots received from voters who apply to vote by mail based on the disability category of eligibility as a result of the COVID-19 pandemic for all elections affected by the pandemic for the reason that the ballots were submitted based on the disability category;

(4) Travis County Defendant and Intervenor-Defendant Texas and their agents, servants, employees, representatives, and all person or entities of any type whatsoever acting in concert with them or acting on their behalf are enjoined from issuing guidance or otherwise taking actions during all elections affected by the COVID-19 pandemic, that would prohibit individuals from submitting mail ballots based on the disability category of eligibility or that would suggest that individuals may be subject to penalty solely for doing so; and

(5) Intervenor-Defendant Texas, acting through the appropriate state agency, shall publish a copy of this Court's Order on the appropriate agency website and circulate a copy of this Court's Order to the election official(s) in every Texas County.

It is further ORDERED that all Parties shall appear before this Court on July 27, 2020 at 2:00 PM for a status conference on the continued propriety of this Temporary Injunction Order.

It is further ORDERED that for this Temporary Injunction Order to be effective under the law, cash bond in the amount of $0 shall be required of the Plaintiffs and filed with the District Clerk of Travis County, Texas. The Clerk of Court shall forthwith issue a writ of Temporary

5

Injunction in conformity with the law and terms of this Order. Once effective, this Order shall remain in full force and effect until final Judgment in the trial on this matter.

The Court ORDERS a final trial in this matter to begin August 10, 2020 at 9:00 AM.

SIGNED April __17__, 2020.

_____
THE HONORABLE TIM SULAK
JUDGE PRESIDING