IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Texas Democratic Party, Gilbert Hinojosa, Chair of the Texas Democratic Party, Joseph Daniel Cascino, Shanda Marie Sansing, and Brenda Li Garcia, *Plaintiffs,* | § § § § § § | |
| v. | § § | Civil Action No. 5:20-CV-00438-FB |
| Greg Abbott, Governor of Texas; Ruth Hughs, Texas Secretary of State, Dana Debeauvoir, Travis County Clerk, and Jacquelyn F. Callanen, Bexar County Elections Administrator, *Defendants.* | § § § § § § § | |

## STATE DEFENDANTS' RESPONSE TO LULAC AND TEXAS LULAC'S MOTION TO INTERVENE

Plaintiffs filed this case on April 7, 2020. Doc. 1. On April 29, 2020, they filed an amended complaint and motion for preliminary injunction. Docs. 9, 10. On May 3, 2020, the Court set the preliminary injunction for hearing on May 15, 2020. Doc. 15. But it was not until yesterday, May 11, 2020—34 days after Plaintiffs filed suit and four days before the preliminary injunction hearing—that the League of United Latin American Citizens and Texas League of United Latin American Citizens (collectively, "putative intervenors" or "LULAC Intervenors") moved to intervene in this case. Doc. 30. Not only do they seek, at this late hour, to participate in the preliminary injunction hearing, but they also state an intent to file their own preliminary injunction motion sometime in the next two days, and presumably wish to have that motion heard at the May 15 hearing. The Court should deny this request for at least three reasons.

- *First*, putative intervenors are not entitled to intervene as of right because they have not shown the requisite adversity of interests. Instead, they seek the very same relief Plaintiffs request.

- ***Second***, permissive intervention is inappropriate because it would prejudice the existing parties by complicating the disposition of the case.

- ***Third***, intervention is inappropriate under either standard given putative intervenors' delay in seeking to intervene.

ARGUMENT

## A.     Putative Intervenors Do Not Have a Right to Intervene.

To establish a right to intervene in a lawsuit, would-be intervenors must show that (1) the application is timely; (2) they have an interest related to the property or transaction that is the subject of the action; (3) the disposition of the action may impair or impede their ability to protect that interest; and (4) none of the existing parties adequately represents that interest. FED. R. CIV. P. 24(a).  "Failure to satisfy one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. Ltd. V. Bd. of Levee Comms'rs of the Orleans Levee District*, 495 F.3d 570, 578 (5th Cir. 2007). A party seeking to intervene bears the burden to establish that he meets these requirements. See *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004).

A "presumption of adequate representation arises" where "the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). To overcome that presumption, "the applicant for intervention must show adversity of interest . . . on the part of the existing party." *Id.* To show adversity of interest, in turn, "an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case." *Entergy Gulf States La., LLC v. U.S. EPA*, 817 F.3d 198, 204 (5th Cir. 2016).

Putative intervenors lack a right to intervene because they offer no basis to conclude that Plaintiffs, who have the same ultimate objective in this lawsuit, cannot adequately represent their interests. Indeed, both Plaintiffs and putative intervenors seek to expand Texas's "vote-by mail eligibility policy in the context of the pandemic." *Compare, e.g.,* Doc. 30-2 at 21 (LULAC Intervenors'

Complaint, seeking universal voting by mail for all voters, "whether or not the voter meets the Eligibility Criteria [in the Texas Election Code] for the duration of the COVID- 19 pandemic") *with* Doc. 10 at 34 (Plaintiffs' complaint requesting relief "to allow the plaintiffs and voters like the plaintiffs to be eligible to receive a mail ballot, to cast that ballot, and to have that ballot counted by the appropriate authority."). Because Plaintiffs and putative intervenors share the same goal—a mandatory injunction that would allow all voters in Texas to vote by mail—their interests are adequately represented here.

In the face of a presumption of adequate representation, putative intervenors allege only that their interests and Plaintiffs' are not "identical" and that Plaintiffs may not adequately represent all of LULAC Intervenors' members. Doc. 30 at 9. This does not meet the burden of showing a divergence of interest within the meaning of Rule 24(a). Although it is true, as putative intervenors note, that the Fifth Circuit has characterized a putative intervenor's burden as "minimal," *Edwards*, 78 F.3d at 1005, that burden "cannot be treated as so minimal as to write the requirement completely out of the rule." *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (citation and quotation marks omitted).

Allowing LULAC Intervenors to intervene under Rule 24(a) would render the Fifth Circuit's requirement of an "adversity of interest" completely meaningless. They offer only speculation that, at some point, Plaintiffs' representation may be inadequate. *E.g.*, Doc. 30 at 9 (conceding that "LULAC Plaintiffs' interest may overlap the interest of the Party Plaintiffs' interest," in this lawsuit, and that "LULAC Plaintiffs' legal claims overlap in large part with the party Plaintiffs[.]"). And the Fifth Circuit has made clear that "adversity of interest must be shown in the present proceeding and may not be inferred from the possibility of adversity in some future proceeding." *Bush v. Viterna*, 740 F.2d 350, 356–57 (5th Cir. 1984). Putative intervenors' unsubstantiated concern that Plaintiffs may, at some point, not fully represent putative intervenors' interests—despite their virtually identical claims for

relief—does not meet their burden of proof. Accordingly, LULAC Intervenors are not entitled to intervene as of right under Rule 24(a).

**B.      Permissive Intervention is Inappropriate Because it Would Unnecessarily Delay Adjudication of this Case.**

Alternatively, putative intervenors seek permissive intervention under Federal Rule of Civil Procedure 24(b). Permissive intervention is permitted upon a timely motion and where there is a common question of law or fact. FED. R. CIV. P. 24(b). But even when these requirements are met, "[p]ermissive intervention is wholly discretionary with the [district] court[.]" *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984).

LULAC Intervenors note that, as a general matter, this case is in its early stages. State Defendants have not filed an answer or motion to dismiss, no discovery has been conducted, and Plaintiffs filed suit last month. But LULAC Intervenors seek leave not just to intervene, but to actively participate in the hearing on Plaintiffs' motion for preliminary injunction scheduled for this Friday, May 15. Doc. 30 at 7. LULAC Intervenors state that "[t]o the extent intervention is granted, LULAC Plaintiffs will seek to participate in the preliminary injunction proceedings. LULAC Plaintiffs will file their own preliminary injunction motion within two days of their Motion to Intervene being granted, and do not seek to delay these proceedings nor any other existing deadlines in the case." *Id.* at 7 n.1.

This untimely intervention would be highly prejudicial to the existing parties' ability to present a comprehensive defense. State Defendants do not know, of course, what evidence putative intervenors would attach to their motion for preliminary injunction and would have no practical opportunity to rebut it prior to the hearing. For that matter, State Defendants do not know what LULAC Intervenors mean when they state that they will "seek to participate in the preliminary injunction proceedings." Their participation would only add unnecessary additional parties and issues to a motion hearing that is already fully briefed.

Compounding these issues is putative intervenors' relative delay in seeking to intervene for the purpose of participating in the hearing. Plaintiffs filed their motion for preliminary injunction on April 29, 2020, *see* Doc. 10, and on May 3, the Court set Plaintiffs' motion for a hearing on May 15. *See* Doc. 15. Putative intervenors could have filed their motion to intervene and to participate in the preliminary injunction hearing well before the Monday evening prior to the hearing date. At this late juncture, LULAC Intervenors should not be granted leave to participate in a quickly approaching hearing at which State Defendants must already be prepared to defend against Plaintiffs' smattering of legal theories and allegations.

**C.    Intervention is Inappropriate Because of Putative Intervenors' Delay.**

The timeliness of a motion to intervene is relevant to both intervention-of-right and permissive intervention. *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996). In this Circuit, the timeliness of a motion to intervene turns on four factors:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene;

> (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case;

> (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and

> (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

As set out *supra*, putative intervenors' waited until the eve of the preliminary injunction hearing to move to intervene, so factor 1 counsels against intervention. The second factor also counsels against intervention, which would prejudice existing Plaintiffs by delaying disposition of their claims and prejudice the State Defendants' ability to adequately prepare for the May 15, 2020 hearing. Under the

third and fourth factors, putative intervenors have not identified any interest in this litigation that is distinct from the existing Plaintiffs' interest, nor have they identified special circumstances to support intervention here.

## CONCLUSION

The Court should deny LULAC Intervenors' motion to intervene.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

*/s/ Michael R. Abrams*
MICHAEL R. ABRAMS
Texas Bar No. 24087072
ANNE MARIE MACKIN
Texas Bar No. 24078898
CORY A. SCANLON
Texas Bar No. 24104599
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
michael.abrams@oag.texas.gov
anna.mackin@oag.texas.gov
cory.scanlon@oag.texas.gov

*Counsel for State Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2020 a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

*/s/ Michael R. Abrams*
MICHAEL R. ABRAMS
Assistant Attorney General