---------- Forwarded message ---------
From: **Office of TX Attorney General** <TXAttorneyGeneral@public.govdelivery.com>
Date: Wed, Apr 15, 2020, 2:39 PM
Subject: AG Paxton: Voting by Mail Based on Disability Reserved for Texans With Actual Illness or Medical Problem Rendering Them Unable to Vote In-Person
To:

| | |
|---|---|
| **FOR IMMEDIATE RELEASE** | **PRESS OFFICE:** (512) 463-2050 |
| April 15, 2020 | Kayleigh Date: |
| www.texasattorneygeneral.gov | Communications@oag.texas.gov |

### AG Paxton: Voting by Mail Based on Disability Reserved for Texans With Actual Illness or
### Medical Problem Rendering Them Unable to Vote In-Person

AUSTIN – Texas Attorney General Ken Paxton today issued a letter in response to Representative Stephanie Klick's request for guidance on whether, under the Texas Election Code, Texans may claim disability based on fears of contracting the Coronavirus (COVID-19) and receive a ballot to vote by mail in upcoming elections.

The letter states that disability, as that term is used in the Texas Election Code's provisions allowing voting by mail, must involve a "sickness or physical condition" that prevents a voter from voting in-person. A voter ill with COVID-19 and who is unlikely to be able to appear in-person to vote without assistance or without injuring their health may apply for a ballot by mail; however, fear of contracting COVID-19 does not qualify a person for disability.

"Mail ballots based on disability are specifically reserved for those who are physically ill and cannot vote in-person as a result. Fear of contracting COVID-19 does not amount to a sickness or physical condition as required by the Legislature," said Attorney General Paxton. "The integrity of our democratic election process must be maintained, and law established by our Legislature must be followed consistently."

It is a direct violation of the Texas Election Code to "intentionally cause false information to be provided on an application for ballot by mail," to knowingly or intentionally cause a ballot to be obtained under false pretenses, or give a misleading statement on an application for ballot by mail.

The Texas Democrats filed a lawsuit in Travis County arguing that anyone with a fear of contracting COVID-19 should be allowed to claim a "disability" and vote by mail. Their request diminishes voting protections the Legislature has made available to Texans with actual illness or disabilities.

Read a [copy of the letter here](#).

For information on the spread or treatment of Coronavirus (COVID-19), please visit the [Texas Department of State Health Services](#) website.

###

Stay Connected with Office of Texas Attorney General on
[Facebook](#) - [Twitter](#) - [Instagram](#) - [Email](#)

Update your subscriptions, modify your password or email address, or stop subscriptions at any time on your [Subscriber Preferences Page](#). You will need to use your email address to log in. If you have questions or problems with the subscription service, please visit [subscriberhelp.govdelivery.com](#).

This email was sent to  using GovDelivery Communications Cloud on behalf of: Office of Texas Attorney General ·300 W. 15th Street · Austin, TX 78701



### KEN PAXTON
ATTORNEY GENERAL OF TEXAS

April 14, 2020

The Honorable Stephanie Klick
Chair, Committee on Elections
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Dear Chairwoman Klick:

You have asked us for guidance on whether a qualified voter who wishes to avoid voting in-person because the voter fears contracting COVID-19 may claim a disability entitling the voter to receive a ballot by mail regardless of whether the voter would need personal assistance to vote in-person or risk injuring their health because of a sickness or physical condition.[1] We conclude that, based on the plain language of the relevant statutory text, fear of contracting COVID-19 unaccompanied by a qualifying sickness or physical condition does not constitute a disability under the Election Code for purposes of receiving a ballot by mail.

The Election Code establishes specific eligibility requirements to obtain a ballot by mail for early voting. TEX. ELEC. CODE §§ 82.001–.004. While any qualified voter is eligible to early vote by personal appearance, the Legislature has provided limited access to early voting by mail for individuals who meet specific qualifications. Section 82.002 of the Election Code, titled "Disability," allows a qualified voter to early vote by mail "if the voter has a sickness or physical condition that prevents the voter from appearing at the polling place on election day without a likelihood of needing personal assistance or of injuring the voter's health." *See id.* § 82.002(a). Thus, we must construe this provision to determine whether the

---

[1] Related to this request, we understand that you have received correspondence in your capacity as Chair of the Texas House of Representatives Committee on Elections from other State lawmakers advocating that you support use of the early voting by mail option for such voters. We also understand that some voters have been encouraged by third parties to apply for a ballot by mail by identifying as disabled based on fear of COVID-19, and without reference to the voters' health or physical condition. As a general rule, we do not opine through the formal opinion process on questions, such as these, that are the subject of pending litigation. *See Tex. Democratic Party, et al., v. Debeauvoir*, No. D-1-GN-001610 (201st Dist. Ct., Travis Cnty., Tex.). However, given the time-sensitive nature of your request and the urgency presented by the present COVID-19 crisis, we are providing this informal guidance to assist you.

Legislature intended to include within the population of individuals eligible to vote by mail those with a fear of contracting a disease—in this instance COVID-19—but without a then-present sickness or physical condition that would limit their ability to vote in-person.

Our objective in construing a statute is to give effect to the Legislature's intent, which requires us to first look to the statute's plain language. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008). In determining the plain meaning of undefined words in a statute, we typically first consult dictionary definitions. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018).

The Legislature has defined "disability" for purposes of voting by mail as a "sickness or physical condition" that prevents a person from voting in-person on election day without a likelihood of needing personal assistance or of injuring the voter's health. TEX. ELEC. CODE § 82.002(a). Thus, we look to the common meaning of those words to determine the Legislature's intent as to who qualifies to vote by mail by reason of disability. *See* Tex. Att'y Gen. Op. KP-0009 (2015) (concluding that to be able to vote by mail, a voter must satisfy the standard of disability established under section 82.002, and that standards of disability set in other unrelated statutes are not determinative). The common understanding of the term "sickness" is "the state of being ill" or "having a particular type of illness or disease." NEW OXFORD AM. DICTIONARY 1623 (3d ed. 2010).[2] A person ill with COVID-19 would certainly qualify as having a sickness. However, a reasonable fear of contracting the virus is a normal emotional reaction to the current pandemic and does not, by itself, amount to a "sickness," much less the type of sickness that qualifies a voter to vote a mail-in ballot under Texas Election Code section 82.002.

In addition to "sickness," the Legislature has allowed voters having a physical condition that prevents them from appearing at the polling place without assistance or without injury to their health to vote by mail. TEX. ELEC. CODE § 82.002(a). "Physical" is defined as "of or relating to the body as opposed to the mind." NEW OXFORD AM. DICTIONARY 1341 (3d ed. 2010). "Condition" is defined as "an illness or other medical problem." *Id.* at 362. Combining the two words, a physical condition is an illness or medical problem relating to the body as opposed to the mind. To the extent that a fear of contracting COVID-19, without more, could be described as a condition, it would at most amount to a mental or emotional condition and not a physical condition as required by the Legislature to vote by mail. Thus, under the specifications established by the Legislature in section 82.002

---

[2] *See also* Tex. Att'y Gen. Op. KP-0149 (2017) (noting that a behavioral abnormality of a sexually violent predator sufficient to result in civil commitment qualifies as a sickness, understood as an "unsound condition" or disease of the mind, under section 82.002(a)).

2

of the Election Code, an individual's fear of contracting COVID-19 is not, by itself, sufficient to meet the definition of disability for purposes of eligibility to vote a mail-in ballot.

Finally, to the extent third parties advise voters to apply for a mail-in ballot based solely on fear of contracting COVID-19, such activity could subject those third parties to criminal sanctions imposed by Election Code section 84.0041. TEX. ELEC. CODE § 84.0041 (providing that a person commits an offense if the person "intentionally causes false information to be provided on an application for ballot by mail"); *see also id.* § 276.013 (providing that a person commits election fraud if the person knowingly or intentionally causes a ballot to be obtained under false pretenses, or a misleading statement to be provided on an application for ballot by mail). However, whether specific activity constitutes an offense under these provisions will depend upon the facts and circumstances of each individual case.

Please note that as discussed above this response is not an official opinion of the Office of the Attorney General issued under section 402.042 of the Texas Government Code, nor is it an exhaustive memorandum of law; rather, it is an informal letter of legal advice offered for the purpose of general guidance.

Very truly yours,

Ryan M. Vassar
Deputy Attorney General for Legal Counsel

3