IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TEXAS DEMOCRATIC PARTY, ) <br> GILBERTO HINOJOSA, Chair of the ) <br> Texas Democratic Party, JOSEPH DANIEL ) <br> CASCINO, SHANDA MARIE SANSING, ) <br> and BRENDA LI GARCIA, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> V. ) <br> ) <br> GREG ABBOTT, Governor of Texas, ) <br> KEN PAXTON, Texas Attorney General, ) <br> RUTH HUGHS, Texas Secretary of ) <br> State, DANA DEBEAUVOIR, Travis ) <br> County Clerk, and JACQUELYN F. ) <br> CALLANEN, Bexar County Elections ) <br> Administrator, ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. SA-20-CA-438-FB |

**ORDER FOR ADVISORY**

Now before the Court is this matter wherein the Fifth Circuit said: "We VACATE the injunction and REMAND for further proceedings consistent with this opinion."  (Docket no. 120, page 39).

The Texas Election Code allows mail-in voting for any voter at least sixty-five years old but requires younger voters to satisfy conditions, such as being absent from the county on election day or having a qualifying disability.  Amid the 2020 election year pandemic, plaintiffs filed this lawsuit requesting relief on seven grounds: race and language discrimination in violation of the Voting Rights Act, race discrimination and non-race discrimination in violation of the Fourteenth Amendment, race discrimination in violation of the Fifteenth Amendment, denial of free speech under the First Amendment, denial of due process for vagueness, and violation of the Twenty-Sixth Amendment. Plaintiffs filed a motion for preliminary injunction which narrowed their claims.  They argued that

Texas's election statute, § 82.003–which allows no-excuse voting for voters sixty-five and older–is void for vagueness and violated the First, Fourteenth and Twenty-Sixth Amendments. After conducting a hearing, this Court determined that plaintiffs were likely to succeed on their vagueness, First Amendment and Twenty-Sixth Amendment claims. A preliminary injunction was therefore entered requiring Texas officials to allow any Texan eligible to vote to do so by mail.

Defendants appealed the preliminary injunction order and a motions panel of the Fifth Circuit granted their motion to stay the injunction pending appeal. Plaintiffs defended the injunction solely on the basis that the vote-by-mail provision for older voters is unconstitutional under the Twenty-Sixth Amendment's prohibition against denying or abridging the right to vote on account of age.

Plaintiffs filed an application to vacate the stay with the Supreme Court of the United States, which was denied with a statement of Justice Sotomayor respecting denial of application to vacate the stay. Plaintiffs also filed a Petition for Writ of Certiorari before Judgment, following the Fifth Circuit's decision to stay this Court's preliminary injunction pending appeal. The question plaintiffs present for review is: "Does Texas's limitation of the right to cast a no excuse mail-in ballot to only voters who are '65 years of age or older on election day,' Tex. Election Code § 82.003, violate the Twenty-Sixth Amendment's directive that the right to vote 'shall not be denied or abridged by the United States or by any State on account of age.'" Although defendants waived their right to respond to the petition, the Supreme Court requested they file a response to the petition by October 22, 2020. Defendants were subsequently granted an extension of that deadline, creating a new filing date of November 23, 2020.

The Fifth Circuit has now issued its judgment as mandate on defendants' appeal of the order granting plaintiffs' motion for preliminary injunction. (Docket no. 120). Specifically, the panel majority concluded that younger voters' rights are not reduced by the addition of a privilege for older

voters. Accordingly, this Court's preliminary injunction order was vacated and this matter was remanded for further proceedings consistent with the Fifth Circuit's opinion. *Id.* at page 39.

The Court invites counsel, on or before December 16, 2020, to give counsel's insights as to how this matter should proceed.

It is so ORDERED.

SIGNED this 16th day of November, 2020.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE