**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| TEXAS DEMOCRATIC PARTY; GILBERTO HINOJOSA, Chair of the Texas Democratic Party; JOSEPH DANIEL CASCINO; SHANDA MARIE SHANSING; and BRENDA LI GARCIA, ) ) ) ) ) ) | |
| *Plaintiffs*, ) ) | |
| and ) ) | |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), and TEXAS LEAGUE OF UNITED LATIN AMERICAN CITIZENS, ) ) ) ) ) | 5:20-cv-00438-FB |
| *Plaintiff-Intervenors,* ) ) | |
| v. ) ) | |
| GREG ABBOTT, Governor of Texas; KEN PAXTON, Texas Attorney General; RUTH HUGHS, Texas Secretary of State; DANA DEBEAUVOIR, Travis County Clerk; and JACQUELYN F. CALLANEN, Bexar County Elections Administrator, ) ) ) ) ) ) ) | |
| *Defendants.* ) | |

<u>**DEFENDANT BEXAR COUNTY ELECTIONS ADMINISTRATOR**
**JACQUELYN CALLANEN'S MOTION TO DISMISS**
**PLAINTIFFS' SECOND AMENDED COMPLAINT AND**
**PLAINTIFF-INTERVENORS' AMENDED COMPLAINT**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Defendant Bexar County Elections Administrator Jacquelyn Callanen, and files this Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

---

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                    Page 1 of 13

**BACKGROUND**

1.      Plaintiffs initiated this litigation in May 2020, this Court held a hearing and entered a preliminary injunction later that month, and interlocutory appellate proceedings ensued. Docket nos. 1, 90. Shortly after this Court's entry of the preliminary injunction, the Texas Supreme Court decided a state law challenge to Texas' eligibility restrictions on early voting by mail. *In re State*, 602 S.W.3d 549 (Tex. 2020). The Fifth Circuit Court of Appeals stayed the preliminary injunction in June, *Texas Democratic Party v. Abbott*, 961 F.3d 389 (5th Cir. 2020) (*Texas Democratic Party I*), and entered an opinion vacating the preliminary injunction in October, *Texas Democratic Party v. Abbott*, 978 F.3d 168 (5th Cir. 2020), cert. denied, 141 S. Ct. 1124 (2021) (*Texas Democratic Party II*). In March 2021, after the conclusion of interlocutory appellate proceedings, this Court ordered Plaintiffs to file an amended complaint and indicated that this amended pleading would moot the Motion to Dismiss that Defendant Callanen had previously filed without prejudice to reurging in response to Plaintiffs' amended complaint. Docket no. 136.

2.      Plaintiffs and Plaintiff-Intervenors challenge limitations imposed by state law on the eligibility of voters to early vote by mail, contending that these limitations impair voting access for racial and language minorities. Plaintiffs and Plaintiff-Intervenors also make related complaints about various voting-related actions taken by state elected officials during the COVID-19 pandemic. Plaintiffs allege that state law restrictions on eligibility to vote by mail, various proposals currently under consideration in the Texas Legislature, and state law that they contend permits poll watchers to intimidate voters and county election workers and volunteers are "part and parcel of recent state efforts to unconstitutionally burden voting by racial minorities." Docket no. 141 at ¶¶ 22-29. Plaintiffs also complain of "[v]arious policy and administrative decisions . . . made by state officers" in the last decade. Docket no. 141 at ¶¶ 30-37. Plaintiffs complain that

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                                    Page 2 of 13

"state leadership, including Defendant Secretary of State, was well aware [of] the racially discriminatory impacts of restricting vote by mail to older citizens and steadfastly refused to extend voting by mail to all eligible voters regardless of age." Docket no. 141 at ¶ 8. Plaintiffs also specifically complain of the manner in which state officials administered voting procedures since the onset of the COVID-19 pandemic, noting that the Secretary of State did not require the wearing of masks in polling locations, prohibited populous counties from implementing practices to "facilitate voting during a pandemic" and restricted the locations at which county officials could place "ballot drop locations[.]" Docket no. 141 at ¶¶ 37-47. Plaintiffs also complain that, after the November 2020 election, Texas state officials undertook a challenge to the nationwide results of the presidential election contest, and complain of various election-related bills pending before the state legislature. Docket no. 141 at ¶¶ 48-63.

3.      Plaintiffs assert six claims. First, they allege that the age restriction placed on eligibility to vote early by mail by Texas Election Code § 82.003 violates the prohibition against race and language minority discrimination in Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, because nonwhite voters "are disproportionately younger than the aging non-Hispanic white voters[.]" Docket no. 141 at ¶¶ 7, 80-82. In their second and third claims, Plaintiffs allege that this same age limitation on eligibility to early vote by mail, also violates the Fourteenth and Fifteenth Amendments of the United States Constitution. Docket no. 141 at ¶¶ 83-86. In their fourth claim, Plaintiffs allege that the state law age limitation on eligibility to early vote by mail, as well as the voting conditions created by the COVID-19 pandemic, violate voters' equal protection rights under the Fourteenth Amendment under the *Anderson/Burdick* standard by imposing "severe burdens" on voters in terms of time, inconvenience, and expense, and facially discriminating between different classes of voters. Docket no. 141 at ¶¶ 87-90. Finally, in their fifth and sixth claims,

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                                 Page 3 of 13

Plaintiffs allege that the state law age limitation on eligibility to early vote by mail violates the First and Twenty-Sixth Amendments by abridging the free speech rights of voters who are not eligible to early vote by mail. Docket no. 141 at ¶¶ 93-104. Plaintiffs seek declaratory and injunctive relief, and an award of attorney's fees pursuant to 42 U.S.C. § 1988 and 52 U.S.C. §§ 10310(e). Docket no. 141 at ¶¶ 106-09. Plaintiffs also request that the Court retain jurisdiction and require Texas to obtain preclearance with respect to its voting practices and procedures under Section 3(c) of the Voting Rights Act, 52 U.S.C. § 10302(c).

4.       Similarly, Plaintiff-Intervenors contend that Texas Election Code § 82.003 violates the First, Fourteenth, and Twenty-Sixth Amendments and Section 2 of the Voting Rights Act by allowing all eligible voters over age 65 to early vote by mail while restricting early voting by mail for younger voters. Docket no. 142 at ¶¶ 1, 11. Like Plaintiffs, Plaintiff-Intervenors also complain of various statements and actions of state officials, such as various election-related bills under consideration in the Texas Legislature, Governor Abbott's designation of "election integrity" as an emergency item for the 2021 legislative session, the Secretary of State's decision not to require individuals to wear masks at polling places, and the Governor's proclamation imposing limits on ballot drop-off locations. Docket no. 142 ¶¶ 13, 33-35.

5.       Plaintiff-Intervenors assert four claims. First, they assert a facial challenge to Texas Election Code § 82.003, alleging that "[e]ven absent pandemic conditions," its age limitation on eligibility to early vote by mail constitutes racial and language minority discrimination in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. Docket no. 142 at ¶¶ 45-50. Plaintiff-Intervenors also assert an *Anderson/Burdick* claim that the age-based limitation imposed by Texas Election Code § 82.003 violates their First and Fourteenth Amendment rights. Docket no. 142 at ¶¶ 51-59. Finally, Plaintiff-Intervenors, like Plaintiffs, allege that Texas Election Code § 82.003

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                                    Page 4 of 13

violates the Twenty-Sixth Amendment by abridging their right to vote on the basis of age. Docket no. 142 at ¶¶ 60-62. Plaintiff-Intervenors seek declaratory and injunctive relief and an award of attorneys' fees and costs. Docket no. 142 at 18.

6. Defendant Bexar County Elections Administrator Jacquelyn Callanen respectfully reurges her Motion to Dismiss. Plaintiffs' and Plaintiff-Intervenors' claims arise entirely from the acts and omissions of state officials, and assert constitutional and VRA challenges to provisions of state law over which the County defendants have no control. To the extent Plaintiffs might show a constitutional or VRA violation flowing from any restriction imposed by the Texas Election Code on eligibility to early vote by mail, Defendant Callanen—who performs her duties in accordance with state law and the guidance provided by the state's chief elections officer—did not cause and cannot remedy that violation. Plaintiffs and Plaintiff-Intervenors therefore cannot establish their Article III standing as to their claims against Defendant Callanen, and this Court lacks subject matter jurisdiction over those claims, which should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

7. Plaintiffs and Plaintiff-Intervenors do not plead facts showing that Defendant Callanen violated their rights. Indeed, their pleadings make no mention of Defendant Callanen other than to identify her as a party. Because they do not plead facts sufficient to state any claim against Defendant Callanen upon which relief could be granted, she should be dismissed from this litigation pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARDS

8. Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of claims over which the Court lacks subject matter jurisdiction. Plaintiffs, as the party asserting jurisdiction, bear the burden of showing subject matter jurisdiction. *Choice Inc. of Texas v. Greenstein*, 691

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                    Page 5 of 13

F.3d 710, 714 (5th Cir. 2012). To satisfy the standing component of subject matter jurisdiction, Plaintiffs must show that they have suffered an (1) injury in fact—"'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'"—(2) that this injury is fairly traceable to the challenged conduct of the Defendant and (3) that it is likely to be redressed by a favorable judicial decision. *Ctr. for Biological Diversity v. United States Envtl. Prot. Agency*, 937 F.3d 533, 537 (5th Cir. 2019) (quoting *Gill v. Whitford*, 138 S. Ct. 1916, 1928 (2018) and *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016)). In evaluating the existence of subject matter jurisdiction, the Court may consider the complaint alone, the complaint supplemented by undisputed facts, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

9.     The sufficiency of a pleading to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) is evaluated under the two-step process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, the Court must identify the Complaint's factual allegations, which are assumed to be true, and distinguish them from any statements of legal conclusion, which are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678, 680-81. Second, the Court must assess whether the assumed-as-true factual allegations set forth a plausible claim to relief. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. Ultimately, the claim is subject to dismissal if it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                                 Page 6 of 13

## ANALYSIS

10.     Aside from being named in the caption and identified as parties, neither Defendant Callanen, Defendant Debeauvoir, nor their offices are mentioned at any other point in Plaintiffs' or Plaintiff-Intervenors' pleadings. Docket no. 141 at ¶¶ 78-79; 142 at ¶¶ 21, 22, 27. Plaintiffs do not identify any act or decision of any local official that they contend violated their rights or caused them any injury. None of the injuries they allege could be redressed by local elections officials, who administer early voting by mail in accordance with state law and the directives of the state's chief elections officer, the Secretary of State.

11.     Because Plaintiffs do not allege injuries that are fairly traceable to any conduct of Defendant Callanen, and because she could not redress any injury they have alleged, Plaintiffs and Plaintiff-Intervenors lack standing to assert their claims against her. And since Plaintiffs have not alleged that Defendant Callanen violated their rights in any way—their complaints' only mention of her is to identify her as a party—they have not stated any viable claim against her, and she should be dismissed from this litigation pursuant to Federal Rule of Civil Procedure 12(b)(6).

12.     In their filings to date in this case, the Governor, Attorney General, and Secretary of State (the State Defendants) have represented that they "do not enforce Texas Election Code Section 82.002 or 82.003" and therefore "lack[] the requisite connection to the enforcement of" Section 82.002 that is required to invoke the *Ex Parte Young* exception to sovereign immunity as to Plaintiffs' claims against them. Docket no. 39 at 19-23. Instead, they argue, "the counties and political subdivisions, not State officials, are responsible for administering early voting in Texas." Docket no. 107 at 10. Additionally, they contend that Plaintiffs lack standing to assert claims against them, in part because "[a]cceptance or rejection of an application to vote by mail falls to local, rather than State, officials" and Plaintiffs' alleged injuries therefore "are not 'fairly

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                                    Page 7 of 13

traceable'" to the State Defendants, but are "'the result of the independent action of [a] third party'"—i.e., local elections officials such as Defendant Callanen. Docket nos. 39 at 23-24 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)); 107 at 13 (arguing that Plaintiffs lack standing to sue the Secretary of State because "acceptance or rejection of an application to vote by mail falls to local, rather than State, officials."). In making these arguments, the State Defendants argue by implication that the proper defendants against whom Plaintiffs may proceed are local elections officials such as Defendant Callanen. The State Defendants' position—particularly as to the Secretary of State—is contrary to controlling appellate authority, including at least two published Fifth Circuit opinions entered in this litigation; unsupported by state law; and undermined by Attorney General Paxton's own previous opinions regarding the responsibilities of the Secretary of State under the Election Code.

13.     The State Defendants' position, that invasions of federally secured rights caused by applications of the Texas Election Code are not traceable to or redressable by the State, has been rejected by the Fifth Circuit as a "circular argument" that "misses the mark" because "[t]he facial invalidity of a Texas election statute is, without question, fairly traceable to and redressable by the State itself and its Secretary of State, who serves as the 'chief election officer of the state.'" *OCA-Greater Houston v. Texas*, 867 F.3d 604, 613 & n.34 (5th Cir. 2017) (quoting Tex. Elec. Code § 31.003). With respect to both sovereign immunity and standing, the state's chief elections officer, the Secretary of State, is empowered by state law to "obtain and maintain uniformity in the application, operation, and interpretation of [the Elections] code and of the election laws[,]" and to "prepare detailed and comprehensive written directives and instructions relating to and based on this code and the election laws" to guide elections administrators, county clerks, and other local officials tasked with administering elections. *OCA*, 867 F.3d at 613 & n.34 (citing Tex. Elec. Code

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                                    Page 8 of 13

§ 31.003). Recognizing this same state law authority, Attorney General Paxton has previously observed in a formal opinion that "[t]he Texas Secretary of State is the entity tasked with administering and applying section 82.002." Tex. Attn'y Gen. Op. No. KP-009 (2015). The Fifth Circuit has twice reached the same conclusion in this case. In June of last year, in the course of determining whether to enter a stay of this Court's preliminary injunction order, the Fifth Circuit considered and rejected the Secretary of State's argument that she could likely show that Plaintiffs lacked standing to assert claims against her and that they could not overcome her sovereign immunity in order to do so. *Texas Democratic Party I*, 961 F.3d at 399-402 ("Our precedent . . . poses a significant obstacle" to the State Defendants' arguments). The stay panel noted that, although "Texas's vote-by-mail statutes are administered, at least in in the first instance, by local election officials[,]" those local officials perform their duties subject to the "detailed and comprehensive written directives and instructions relating to" the rules set out in state law. By statute, it is the Secretary of State who is responsible for issuing these "detailed and comprehensive written directives and instructions"—and she has the power to enforce them by "issu[ing] orders and, if necessary, seek[ing] a temporary restraining order, injunction, or writ of mandamus." *Texas Democratic Party I*, 961 F.3d at 399 & n.19 (citing Tex. Elec. Code § 31.005). During the pendency of this litigation, the State of Texas exercised that authority. Relying on Texas Election Code § 31.005, and acting through the Attorney General, the State sued Harris County Clerk Chris Hollins, seeking preliminary and permanent injunctive relief to require him to administer early voting by mail in accordance with the State's interpretation of the Texas Election Code's limits on voter eligibility. *State v. Hollins*, No. 20-0729, 2020 WL 5919729, at *1 (Tex. Oct. 7, 2020) (noting that the Election Code "reflect[s] the Legislature's intent that election laws operate uniformly throughout the State, under the direction and guidance of the Secretary of State."); *see also*

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                                                      Page 9 of 13

*Richardson v. Texas Sec'y of State*, No. SA-19-CV-00963-OLG, 2020 WL 6279199, at *1 n.1 (W.D. Tex. Sept. 10, 2020) (summarizing the *Hollins* litigation and other recent state elections enforcement actions against local officials).

14. Upon reaching the merits, another panel of the Fifth Circuit arrived at the same conclusion as the stay panel.[1] The merits panel found that "[t]he statutory duties that matter today are the ones for the Secretary regarding applications for absentee ballots" and that, by virtue of her authority to prescribe the forms that local officials must use in almost all cases, "the Secretary has the authority to compel or constrain local officials" to abide by her determination regarding eligibility to early vote by mail. *Texas Democratic Party II*, 978 F.3d at 179-80. For that reason, the merits panel found, the Secretary of State is not entitled to sovereign immunity, and Plaintiffs have standing to proceed against her because she "ha[s] a role in causing the claimed injury and is in a position to redress it at least in part." *Texas Democratic Party II*, 978 F.3d at 179.

## CONCLUSION

15. The State Defendants claim that they are powerless to enforce their interpretations of the Election Code, and that Plaintiffs therefore must proceed only against local elections officials. On two occasions in this case, the Court of Appeals has rejected that argument, finding instead that

---

[1] In another recent opinion, the Fifth Circuit found that the *Ex Parte Young* exception did not overcome the Secretary of State's sovereign immunity against a challenge to legislation now codified at Texas Election Code § 85.064, which relates to the hours of operation of temporary branch polling places—a function in which the Court found the Secretary of State "plays no role." *Texas Democratic Party v. Hughs*, No. 20-50683, 2021 WL 1826760, at *2 (5th Cir. May 7, 2021). This finding construed the relative authority of state and local officials with respect to the duties set out in a chapter of the Election Code not at issue in this case, and "[d]etermining whether *Ex parte Young* applies to a state official requires a provision-by-provision analysis[.]" *Texas Democratic Party II*, 978 F.3d at 179. The *Hughs* case is thus inapposite to this case, in which the Fifth Circuit has already decided twice that the Secretary of State is a proper Defendant as to the claimed deficiencies of Texas Election Code § 82.003.

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                        Page 10 of 13

the State *does* have the authority to compel local officials to follow its interpretations of the Election Code. Plaintiffs mount a challenge to the validity of a provision of the Texas Election Code, Section 82.003, a statute enacted by Texas's Legislature and Governor, and enforced by its Secretary of State. Local election officials such as Defendant Callanen are not at liberty to disregard these or other provisions of state law. Plaintiffs and Plaintiff-Intervenors also complain of various past and future actions of state officials, but neither Defendant Callanen nor any other local election official is mentioned in their complaints whatsoever, aside from being identified as parties. The injury that Plaintiffs allege is traceable to, and redressable by, the State Defendants— not Defendant Callanen. Plaintiffs therefore lack standing to pursue their claims against her, and she should be dismissed from this litigation pursuant to Federal Rule of Civil Procedure 12(b)(1). Likewise, neither Plaintiffs nor Plaintiff-Intervenors allege facts that state any viable claim against Defendant Callanen, and she should therefore be dismissed from this litigation pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant Bexar County Elections Administrator Jacquelyn Callanen prays that this Court grant her Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and dismiss her from this litigation.

Respectfully Submitted,

JOE GONZALES
Bexar County Criminal District Attorney

By:     /s/ Robert Green
**ROBERT D. GREEN**
Bar No. 24087626
Assistant District Attorney, Civil Division

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                                 Page 11 of 13

101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Phone: (210) 335-2146
Fax: (210) 335-2773
robert.green@bexar.org
*Attorney for Defendant Bexar County Elections*
*Administrator Jacquelyn Callanen*

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                          Page 12 of 13

### CERTIFICATE OF SERVICE

I do hereby certify on the 14th day of May, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

  /s/ Robert Green
**ROBERT D. GREEN**

*Texas Democratic Party et al. v. Greg Abbott et al.*
Defendant Jacquelyn Callanen's Motion to Dismiss
5:20-cv-00438-FB                                                                Page 13 of 13