IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

AUG 1 3 2021

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                              DEPUTY

| | |
|---|---|
| TEXAS DEMOCRATIC PARTY, GILBERTO HINOJOSA, Chair of the Texas Democratic Party, JOSEPH DANIEL CASCINO, SHANDA MARIE SANSING, and BRENDA LI GARCIA, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| and | ) ) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), and TEXAS LEAGUE OF UNITED LATIN AMERICAN CITIZENS, | ) ) ) ) ) |
| Plaintiff-Intervenors, | ) ) |
| V. | ) ) |
| RUTH HUGHS, Texas Secretary of State, | ) ) ) |
| Defendant. | ) |

CIVIL ACTION NO. SA-20-CA-438-FB

## REQUEST FOR ADDITIONAL BRIEFING

Before the Court are defendant's motions to dismiss (docket nos. 150 & 151) filed on May 14, 2021, plaintiffs' and plaintiff-intervenors' response (docket no. 155) filed on June 11, 2021, and defendant's reply (docket no. 157) filed on June 18, 2021.

Since the filing of these pleadings, the Supreme Court issued its opinion in *Brnovich v. Democratic National Committee* (together with *Arizona Republican Party v. Democratic National Committee*), 141 S. Ct. 2321 (2021), on July 1, 2021.

The parties are hereby requested to submit additional briefing addressing how *Brnovich* and other recent intermediate appellate cases affect the issues in this case; and whether *Brnovich* has or has not implicitly overruled the *Anderson/Burdick* framework for election litigation of applying:

1.      A strict scrutiny review if an election law imposes a severe burden on voting rights; or

2.      An intermediate-level scrutiny if the law does not create a severe burden but still impacts the right to vote by:

      a.      identifying "the precise interests put forward by the State as justifications for the burden imposed by its rule," and

      b.      determining "the extent to which those interests make it necessary to burden the plaintiff's rights."

*Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983); *see also Burdick v. Takushi*, 504 U.S. 428, 432-34 (1992).

The parties should also address whether or not there is a newly-minted, morphed, mutated, variant standard of review which is essentially judicial deference to an independent state legislative doctrine in election law. *See* Joshua A. Douglas, *(Mis)Trusting States to Run Elections*, 92 WASH. U. L. REV. 553, 602 (2015) ("Recent Supreme Court election law jurisprudence reflects an unspoken, pernicious trend. Without identifying a specific new rule, the Court has been unjustifiably deferring to state laws regarding election administration, thereby giving states tremendous power to regulate elections. At the same time, the Court has diminished Congress's oversight role. That is a mistake. Placing too much power in states to administer elections is both constitutionally wrong and practically dangerous."); *see also* The Andrew Goodman Foundation, *Age Discrimination in Voting at Home* (June 4, 2020), http://voteathome26.us (last visited August 12, 2021) ("Some states forbid younger voters from voting at home while allowing older voters to do so.  Courts will likely find these laws unconstitutional." Clearly, this prediction was erroneous.).

Other cases the parties should address with reference to an explicit or implicit judicial deference doctrine are:

1.      *Republican National Committee. v. Democratic National Committee*, 140 S. Ct. 1205 (2020);

2.      *Andino v. Middleton*, 141 S. Ct. 9 (2020);

3.      *Democratic National Committee. v. Wisconsin State Legislature*, 141 S. Ct. 28 (2020);

4.      *Tully v. Okeson*, 977 F.3d 608 (7th Cir. 2020);

5.      *Texas League of United Latin American Citizens v. Hughs*, 978 F.3d 136 (5th Cir. 2020);

6.      *Richardson v. Hughs*, 978 F.3d 220 (5th Cir. 2020);

7.      *Texas Alliance for Retired Americans v. Hughs*, 976 F.3d 564 (5th Cir. 2020);

8.      *Mi Familia Vota v. Abbott*, 834 F. App'x 860 (5th Cir. 2020);

9.      *A. Philip Randolph Institute of Ohio v. LaRose*, 831 F. App'x 188 (6th Cir. 2020);

10.     *Memphis A. Philip Randolph Institute v. Hargett*, 978 F.3d 378 (6th Cir. 2020) (Moore, J., dissenting) ("Make no mistake: today's majority opinion is yet another chapter in the concentrated effort to restrict the vote.  To be sure, it does not cast itself as such—invoking instead the disinterested language of justiciability—but this only makes today's majority opinion more troubling. As a result of today's decision, Tennessee is free to—and will—disenfranchise hundreds, if not thousands of its citizens who cast their votes absentee by mail. Masking today's outcome in standing doctrine obscures that result, but that makes it all the more disquieting. I will not be a party to this passive sanctioning of disenfranchisement. I dissent.") (citations omitted));

11.     *Priorities USA v. Nessel*, 978 F.3d 976 (6th Cir. 2020); and

12.     Other cases as the parties may choose if they are applicable to the judicial deference doctrine issue.

Defendant shall file her additional briefing on or before **November 16, 2021**.  Plaintiffs and plaintiff-intervenors shall file their response(s) on or before **February 16, 2022**.

It is so ORDERED.

SIGNED this 13th day of August, 2021.


FRED BIERY
UNITED STATES DISTRICT JUDGE

3